IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES MARION HENDRIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.3:12-cv-00195-WHA |
| | ) [WO] |
| | ) |
| DR. S. WARR, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Plaintiff James Marion Hendrix ("Hendrix"), a former[1] inmate of the Russell County Jail, in Phenix City, Alabama, challenges his medical treatment while housed at the Russell County Jail. Named as defendants are Dr. S. Warr and Nurse T. Pelfrey. *Doc. No. 1*. Upon consideration of this case, the court concludes that Hendrix's complaint is due to be dismissed as moot.

**II. STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have

---

[1] On June 28, 2013, Plaintiff informed the Court of his new address and that he was no longer an inmate. *Doc. No. 35.*

been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "'Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (per curiam)). "'The doctrine of mootness derives directly from the [Article III] case-or-controversy limitation, because an action that is moot cannot be characterized as an active case or controversy.'" *Id.* (quoting *Al Najjar*, 273 F.3d at 1335). A case becomes moot when the parties no longer have a legally cognizable interest in the outcome, or when the case no longer presents a live controversy with respect to which the court can give meaningful relief. *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III.  DISCUSSION

Hendrix alleges that in 2011 and 2012, while he was incarcerated at the Russell County Jail, the defendants violated his constitutional rights by failing to treat his Hepatitis C and cirrhosis of the liver disease, by failing to monitor his condition, and by failing to send him to a specialist. The entirety of his requested relief is, "Please help me to get proper treatment for my chronic illness. Please help me to get an appointment with a Doctor who can treat my illness and see that I get proper medication for my illness." *Doc.*

*No. 1*, at 4. Hendrix informed the court on June 28, 2013, of his new address and that he was no longer an inmate. *Doc. No. 35.* Hendrix's most recent filing, on September 17, 2014, is the same address he previously provided the court on June 28, 2013. *Doc. No. 37.*

Because Hendrix seeks only injunctive relief, and because he has been released from the Russell County Jail, his claims are moot, and this case is due to be dismissed for lack of subject matter jurisdiction. *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that . . . release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief. The reason for this rule is that injunctive relief is a prospective remedy, intended to prevent future injuries, and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained." (citations and internal quotation marks omitted)), *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651 (2011); *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief."); *see also Al Najjar*, 273 F.3d at 1335 (Article III does not provide the courts with subject matter jurisdiction over cases that are moot).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. This case be DISMISSED for lack of jurisdiction; and

2. Costs be taxed against the plaintiff.

It is further

ORDERED that on or before March 20, 2015, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 3rd day of March, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATE MAGISTRATE JUDGE